IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER HOWARD JONES,

    Petitioner,                  No. 2:10-cv-3154 KJM JFM P

   vs.

RAUL LOPEZ,

    Respondent.          <u>ORDER</u>

         Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

         On September 17, 2012, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Neither party has filed objections to the findings and recommendations.

         The court presumes that any findings of fact are correct. *See Orand v. United States,* 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are

/////

1

reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the file, the court declines to adopt the magistrate judge's findings and recommendations as to petitioner's claims under *Batson v. Kentucky*, 476 U.S. 79 (1986), because it is not clear that the magistrate judge applied the correct standard in reviewing the challenged peremptory strike. As the magistrate judge explained, the court reviews *Batson* claims using a three-step process. The Ninth Circuit has explained that the third step of this analysis requires the court "[t]o determine whether race was a substantial motivating factor" in issuing a peremptory strike. *Briggs v. Grounds*, 682 F.3d 1165, 1170 (9th Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 894 (2013) (citing *Cook v. LaMarque*, 593 F.3d 810, 815 (9th Cir. 2010)). The Ninth Circuit's opinion in *Cook* modified the Ninth Circuit's previous approach to the third step. *See Crittenden v. Ayers*, 624 F.3d 943, 958 (9th Cir. 2010). However, this recent case is not referenced in the findings and recommendations. The court declines to adopt the findings and recommendations without assurance that the proper standard has been applied.

The court finds the remainder of the findings and recommendations to be supported by the record and by the proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 17, 2012, are adopted as to petitioner's claims based on the exclusion of impeachment evidence at trial, the suppression of evidence, the ineffective assistance of counsel, and denial of petitioner's *Marsden* motion.

2. The remaining *Batson* claim is referred back to the magistrate judge for consideration in light of *Cook v. LaMarque*.

DATED: August 5, 2013.

_____
UNITED STATES DISTRICT JUDGE

2